GAUDIN, Judge.
This case involved two appeals from judgments rendered in the 24th Judicial District Court. On July 1, 1992, the trial judge orally denied a motion for new trial filed by Mrs. Cheryl M. Hirstius; and on July 27, 1992, a judgment was signed denying to her permanent alimony from her husband, Keith D. Hirstius. Mrs. Hirstius has appealed.
For the following reasons, we set aside both judgments and remand to the district court for further proceedings.
In case No. 92-CA-1022, the following dates and events are significant:
April 25, 1991 — Petition for divorce filed by Mr. Hirstius because of Mrs. Hirstius’ alleged intemperance and for mental and physical cruelty.
May 1, 1991 — Exceptions of no cause of action and prematurity filed by Mrs. Hirsti-us. The exceptions contend that intemperance and cruelty are not grounds for a divorce; further, Mrs. Hirstius says that she and Mr. Hirstius are still living together.
February 5, 1992 — Mrs. Hirstius filed a motion for alimony and custody plus a re-conventional demand for a divorce based on Mr. Hirstius’ alleged adultery.
March 11, 1992 — Mr. Hirstius filed a general denial of the allegation in Mrs. Hirstius’ reconventional demand.
April 28, 1992 — Mr. Hirstius filed a supplemental petition seeking a divorce in accord with LSA-C.C. art. 103 (living separate and apart for six months).
May 15, 1992 — Mrs. Hirstius filed an exception of no cause of action to the supplemental petition.
May 19, 1992 — Preliminary default taken by Mr. Hirstius against Mrs. Hirstius “for the issue of divorce” although there were no procedural grounds for such an entry. Mrs. Hirstius had timely filed exceptions to both of Mr. Hirstius’ petitions for divorce.
May 20, 1992 — Mr. Hirstius filed a motion to set the exceptions for hearing and a rule for Mrs. Hirstius to show cause why a divorce should not be granted in accord with LSA-C.C. art. 102. A hearing was scheduled May 26, 1992.
May 26, 1992 — Judgment of divorce rendered under Art. 102.
May 29, 1992 — Mrs. Hirstius filed a motion for a new trial, which was set for July 1, 1992.
June 2, 1992 — Opposition to new trial filed by Mr. Hirstius.
July 1, 1992 — Hearing held. Mrs. Hirsti-us’ attorney pointed out that the motion to set the Art. 102 hearing was filed on May 20, 1992 and the hearing held on May 26, 1992. The record is not clear when Mrs. Hirstius’ attorney was served with notice of the May 26, 1992 hearing. Mrs. Hirsti-us’ attorney complained about such short notice and also because he “... thought we were coming in just to resolve my exceptions to his amended petition.” Also, Mrs. Hirstius’ attorney argued that the motion to schedule the Art. 102 hearing was not verified as required by LSA-C.C.P. art. 3952. The trial judge orally denied the motion for a new trial.
July 27, 1992 — Judgment rendered denying permanent alimony to Mrs. Hirstius. The denial of the motion for a new trial was not included in the judgment.
In case No. 92-CA-1023, these dates are relevant:
*425 April 26, 1991 — Mrs. Hirstius petitioned for a divorce, custody, etc.
July 8, 1991 — Mr. Hirstius filed answer.
May 29,1992 — Mrs. Hirstius filed motion to fix permanent alimony. Hearing set for July 1, 1992.
July 1, 1992 — Hearing on motion for permanent alimony held along with Mrs. Hir-stius’ motion for a new trial in 92-CA-1022. Judgment rendered on July 27,1992.
It appears clear from this record (1) that Mrs. Hirstius did not receive legally proper notice for the May 26, 1992 hearing and (2) that, consequently, her motion for a new trial was improperly denied. Neither Art. 102 nor Art. 3952 of the Code of Civil Procedure specifically states the number of days that the setting motion must be served on the opposing party prior to the hearing but fairness dictates that the notice here was not sufficient. LSA-C.C.P. art. 966 requires 10 days between notice and a summary judgment hearing. Inasmuch as an Art. 102 hearing is summary in nature, a similar 10-day period seems appropriate. In any event, a notice of six days or less is not enough, particularly if the opposing party has filed an exception to the Art. 102 petition.
If service is made by mail or delivery, LSA-C.C.P. art. 1313 mandates that the party or counsel making service file in the record a certificate of the manner in which service was made. We were not able to find such a certificate in this record.
Accordingly, we remand to the district court for a hearing on Mrs. Hirstius’ exception of no cause of action and, possibly, a hearing on Mr. Hirstius’ request for an Art. 102 divorce. If the judgment denying a new trial must be voided, so, too, must be judgment denying permanent alimony after the divorce.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.